UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 13 CR 902-1 |
| v. | ) | |
| | ) | Hon. Samuel Der-Yeghiayan |
| ROBERT MICHAEL | ) | |

## **PROTECTIVE ORDER**

This matter having come before the Court on the Government's Motion for a Protective Order, it is hereby ORDERED as follows:

1. All materials produced by the United States in preparation for or in connection with any stage of the proceedings in this case, including but not limited to grand jury transcripts, agency reports, witness statements, memoranda of interview, and any documents or tangible objects (collectively, "the materials"), remain the property of the United States. Upon conclusion of the trial of this case and any direct appeals of this case or upon the earlier resolution of the charges against defendant, all of the materials and all copies made thereof must be destroyed or maintained under secure conditions by defense counsel, unless there is a specific request by the government for the return of particular materials.

2. All of the materials produced by the United States may be utilized by defendant, defendant's counsel, and employees and agents of defendant's counsel solely in connection with the defense of this case and for no other purpose.

3. Defendant's counsel and defendant shall not disclose the materials directly or indirectly to any other person except persons employed by or agents

working with defense counsel to assist in the defense, persons who are interviewed as potential witnesses, persons who are consulted as potential and/or retained experts during the course of the litigation of this case, and/or such other persons to whom the Court may authorize disclosure (collectively "authorized persons").

4. The materials produced by the United States shall not be copied or reproduced by defense counsel or defendant either directly or indirectly unless they are copied for use by authorized persons to assist in the defense, and in that event, such copies and reproductions must be treated in the same manner as the original matter.

5. Before providing the materials to an authorized person, defendant's counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement that represents that the authorized person has received a copy of and reviewed this Order and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the later of: (a) the trial or other resolution of this case; and (b) any direct appeal. Defense counsel shall make the signed statements of each authorized person available to the government as required by the Federal Rules of Criminal Procedure, the local criminal rules of the Northern District of Illinois and/or Court order.

6. The restrictions set forth in this Order do not apply to the United States or documents that are (or become) public record.

7. This Protective Order shall not preclude the Parties from quoting, attaching or otherwise referencing the discovery documents produced hereunder or their content in their motions filed with the Court or at any hearing. Any such filings must comport with the redaction requirements of Federal Rule of Criminal Procedure 49.1.

8. This Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court.

9. Each party reserves all other rights relating to discovery and the production of documents, including the right to petition the Court to construe, modify, or enforce this Order.

ENTER:

_____
SAMUEL DER-YEGHIAYAN
Dated: December 5, 2013          United States District Judge